DAVID M. TRUBEK ET AL. v. ABRAHAM S. ULLMAN, STATE'S ATTORNEY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

634

Argued October 6—decided November 1, 1960

*Raymond J. Cannon,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

MELLITZ, J. The plaintiffs brought this action for a declaratory judgment to determine the constitutionality of §§ 53-32 and 54-196 of the General Statutes[1] as applied to the facts set forth in the com-

---

[1] "Sec. 53-32. USE OF DRUGS OR INSTRUMENTS TO PREVENT CONCEPTION. Any person who uses any drug, medicinal article or instrument for the purpose of preventing conception shall be fined not less than fifty dollars or imprisoned not less than sixty days nor more than one year or be both fined and imprisoned."

"Sec. 54-196. ACCESSORIES. Any person who assists, abets, counsels, causes, hires or commands another to commit any offense may be prosecuted and punished as if he were the principal offender."

plaint. A demurrer to the complaint was sustained on a number of grounds, among them, that the rights and jural relations of parties in the situation of the plaintiffs have been conclusively determined in previous decisions, and that the complaint does not set forth any substantial question or issue which has not been previously determined and requires settlement. The plaintiffs not having pleaded over, judgment was rendered in favor of the defendant. The plaintiffs have appealed.

The statutes were recently involved in litigation before us in which their constitutionality was sustained. *Buxton* v. *Ullman,* and three companion cases, 147 Conn. 48, 156 A.2d 508. In two previous cases, the statutes, considered in the light of other factual situations, were held constitutional. *State* v. *Nelson,* 126 Conn. 412, 11 A.2d 856; *Tileston* v. *Ullman,* 129 Conn. 84, 26 A.2d 582. Under the provisions of § 277(b) of the Practice Book, a prerequisite to an action for a declaratory judgment is that there be a substantial question in dispute or an uncertainty of legal relations which requires settlement between the parties. The determination must be made in the light of the particular circumstances involved in each case. *Bania* v. *New Hartford,* 138 Conn. 172, 175, 83 A.2d 165. If the rights and jural relations of parties in the situation of these plaintiffs have been conclusively determined by previous decisions of this court, the demurrer was properly sustained. *Buxton* v. *Ullman,* supra, 50. Unless, therefore, the complaint recites facts which present a question or issue not determined by the previous decisions, or in relation to which a substantial uncertainty of legal relations remains and requires settlement, no basis for a declaratory judgment has been presented.

The allegations of the complaint are as follows: The plaintiffs are husband and wife and have lived together in New Haven since their marriage in June, 1958. Both are law students, Mrs. Trubek being twenty-one years old and her husband twenty-three years old. In March, 1959, they consulted a physician to obtain information and medical service as to the best and safest methods for the prevention of conception. They have a desire to raise a family but first wish an opportunity to adjust, mentally, spiritually and physically, to each other so as to establish a secure and permanent marriage before they become parents. A pregnancy at this time would mean a disruption of Mrs. Trubek's professional education. When they are economically and otherwise prepared to have children, the plaintiffs desire to have as many "as may be consistent with their resources, so as to insure adequate provision for each and all of them." The plaintiffs believe that they have a moral responsibility to have only as many children as they feel they can provide with the optimum individual care, attention and devotion. The physician consulted by them has refused to give them information and advice on the manner and means of preventing conception on the ground that such action on his part may be claimed by the defendant, the state's attorney, to constitute a violation of §§ 53-32 and 54-196 of the General Statutes.

The claim of the plaintiffs is that they are deprived by those statutes of rights guaranteed by the fourteenth amendment to the federal constitution. The same claim was advanced and considered in *Buxton* v. *Ullman, supra.* Likewise, the validity of § 53-32 as a proper exercise of the police power was determined in *State* v. *Nelson,* 126 Conn. 412, 11 A.2d 856. The essential difference between the

facts here and those in the earlier cases is that no claim is made here that information relating to the employment of contraceptive measures is essential for the purpose of safeguarding the health of the plaintiff wife. The central point of the factual situations of the other cases was that, in the absence of such information, normal marital relations between the husband and the wife were fraught with danger either because a pregnancy would jeopardize the life or health of the wife or because of the likelihood that any children born would be defective. The essential feature of the factual situation here is a concept of the marriage relationship as one in which the plaintiffs are entitled, under the fourteenth amendment to the federal constitution, to be protected from the operation of statutes which prevent them from obtaining from a reputable physician information on proper methods of preventing conception and thereby avoiding the possibility that children will be conceived before the plaintiffs are prepared psychologically or economically for the duties and obligations of parenthood. We find nothing in the concept advanced by the plaintiffs, or in the facts recited in the complaint in connection therewith, which would warrant a conclusion that the rights and jural relations of parties in the situation of the plaintiffs have not been concluded by previous decisions.

There is no error.

In this opinion the other judges concurred.