STATE OF CONNECTICUT *v.* ESTELLE T. GRISWOLD

STATE OF CONNECTICUT *v.* C. LEE BUXTON

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 12, 1963—decided April 28, 1964

*Catherine G. Roraback,* for the appellants (defendants).

*Julius Maretz,* prosecuting attorney, and *Joseph B. Clark,* assistant prosecuting attorney, for the appellee (state).

COMLEY, J. After a trial to the court in the Circuit Court for the sixth circuit at New Haven, the defendants were found guilty as accessories to certain violations of General Statutes § 53-32, which appears with the statute on accessories in the footnote.[1] The principal offenders were not prosecuted. The convictions of the accessories were sustained by the Appellate Division of the Circuit Court, which, at the same time, certified that there were substantial questions of law which should be reviewed by this court. These questions, together with others certified by us, are now before us on this appeal.

There is no significant dispute about the facts. In November, 1961, The Planned Parenthood League of Connecticut occupied offices at 79 Trumbull Street in New Haven. For ten days during that month the league operated a planned parenthood center in the same building. The defendant Estelle T. Griswold is the salaried executive director of the league and served as acting director of the center. The other defendant, C. Lee Buxton, a physician, who has specialized in the fields of gynecology and obstetrics, was the medical director of the center. The purpose of the center was to provide information, instruction and medical advice to married persons concerning various means of preventing conception. In addition, patients were furnished with various contraceptive devices, drugs

---

[1] "Sec. 53-32. USE OF DRUGS OR INSTRUMENTS TO PREVENT CONCEPTION. Any person who uses any drug, medicinal article or instrument for the purpose of preventing conception shall be fined not less than fifty dollars or imprisoned not less than sixty days nor more than one year or be both fined and imprisoned."

"Sec. 54-196. ACCESSORIES. Any person who assists, abets, counsels, causes, hires or commands another to commit any offense may be prosecuted and punished as if he were the principal offender."

or materials. A fee, measured by ability to pay, was collected from the patient. At the trial, three married women from New Haven testified that they had visited the center, had received advice, instruction and certain contraceptive devices and materials from either or both of the defendants and had used these devices and materials in subsequent marital relations with their husbands. Upon these facts, there is *no* doubt that, within the meaning of § 54-196 of the General Statutes, the defendants did aid, abet and counsel married women in the commission of an offense under § 53-32.

Section 53-32, enacted in 1879 (Public Acts 1879, c. 78), has been under attack in this court on four different occasions in the past twenty-four years. *State* v. *Nelson,* 126 Conn. 412, 11 A.2d 856; *Tileston* v. *Ullman,* 129 Conn. 84, 26 A.2d 582; *Buxton* v. *Ullman,* 147 Conn. 48, 156 A.2d 508; *Trubek* v. *Ullman,* 147 Conn. 633, 165 A.2d 158. An examination of these cases discloses that every attack now made on the statute, standing by itself or when considered in combination with § 54-196, has been made and rejected in one or more of these cases, the last two having been decided within the past five years. The defendants virtually concede this fact in the closing paragraph of their brief where they urge this court "to consider whether or not in the light of the facts of this case, the current developments in medical, social and religious thought in this area, and the present conditions of American and Connecticut life, modification of the prior opinions of this Court might not 'serve justice better.'" A-427 Rec. & Briefs 616. In rejecting this claim, we adhere to the principle that courts may not interfere with the exercise by a state of the police power to conserve the public safety and wel-

fare, including health and morals, if the law has a real and substantial relation to the accomplishment of those objects. The legislature is primarily the judge of the regulations required to that end, and its police statutes may be declared unconstitutional only when they are arbitrary or unreasonable attempts to exercise its authority in the public interest. See *State* v. *Nelson,* supra, 422, and cases cited in *Buxton* v. *Ullman,* supra, 59. Furthermore, as pointed out in *Buxton* v. *Ullman,* supra, 56-59, the General Assembly has not recognized that the interest of the general public calls for the repeal or modification of the statute as heretofore construed by us. It is our conclusion that the conviction of the defendants was not an invasion of their constitutional rights.

The rulings on evidence and on the motion to correct the finding, of which the defendants complain, do not merit discussion.

There is no error.

In this opinion the other judges concurred.

