STANISLAV V. KISZKIEL ET AL. *v.* HENRY J. GWIAZDA ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 10, 1977—decision released January 10, 1978

*Harry L. Nair,* for the appellants (defendants).

*Jonathan J. Einhorn,* for the appellees (plaintiffs).

BOGDANSKI, J. The plaintiffs brought this action seeking a writ of mandamus, a declaratory judgment, and a temporary injunction. The trial court ordered a writ of mandamus to issue against the defendant Henry J. Gwiazda as probate judge for the district of Berlin requiring him to enter an order of distribution in the estate of Joseph Kiszkiel. It also declared that the powers of attorney of the plaintiffs' attorneys-in-fact were valid and that such attorneys-in-fact were entitled to receive from the defendant Walter J. Liss as administrator the distributive shares of the plain-

tiffs as their duly authorized agents. The defendants appealed from that judgment claiming that the court lacked jurisdiction to direct by way of mandamus the entry of such an order and that the court lacked jurisdiction to determine the manner in which the estate shall be delivered to the rightful heirs.

On December 10, 1973, the defendant probate judge held a hearing on the defendant administrator's final account and application for an order of distribution in the estate of the deceased Joseph Kiszkiel. After that hearing, the Probate Court entered a decree approving, accepting, and allowing the accounting. Although there was no dispute as to who the heirs were, no order was made with respect to ascertaining the heirs of the estate of the decedent or with respect to ordering the distribution of the estate.

The plaintiffs are Stanislav Vikentievich Kiszkiel and Marianna Vikentievna Petriman, the sole heirs-at-law of the decedent and residents of the Soviet Union. The plaintiffs' powers of attorney were filed in the office of the defendant judge of probate in July, 1975. By the terms of those powers of attorney, the New York law firm of Wolf, Popper, Ross, Wolf and Jones was appointed as the plaintiffs' attorney with full power of substitution for the purpose, among others, of receiving and accepting all shares in money or property from the estate of Joseph Kiszkiel.[1] In other estates probated in

---

[1] The record reveals that there was no dispute as to the validity of the powers of attorney. "Mr. Einhorn: Your Honor, the power that has just been filed as an exhibit here is authenticated. You will see the seal of the United States consul on it who says that the people personally appeared before him, that they subscribed it in his presence, that he informed them of the contents, and they executed it voluntarily."

the district of Berlin, distribution to heirs residing in eastern European countries was made in the respective foreign country by the defendant Judge Gwiazda in person. The defendants contend that General Statutes § 45-272[2] mandates personal delivery of the distributive shares of an estate to the heirs.

The defendants first claim that the court lacked jurisdiction by way of mandamus to direct the entry of discretionary orders by the Probate Court.

With respect to that claim, it is appropriate to note that the trial court did not order the probate judge to ascertain the heirs or distributees of the decedent. That discretionary determination is exclusively within the jurisdiction of the Probate Court. Rather, the trial court simply ordered the Probate Court to enter an order of distribution.[3]

" 'The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate remedy.' *Milford Education Assn.* v. *Board of Education,* . . . [167 Conn. 513, 518, 356 A.2d 109], citing *State* v. *New Haven & Northampton Co.,* 45 Conn. 331, 343." *Light* v. *Board of Education,* 170 Conn. 35, 37, 364 A.2d 229. Consequently, a writ of mandamus will

---

[2] "[General Statutes] Sec. 45-272. COURT TO ASCERTAIN HEIRS AND DISTRIBUTEES. The court of probate shall ascertain the heirs and distributees of each intestate estate, and of each testate estate so far as the will may leave the same indefinite and necessary to be defined; and such court shall order the administrator or other fiduciary charged with the administration of the estate to deliver possession of or pay over the same to the person or persons entitled thereto in the proportions provided by law . . . ."

[3] The judgment recites that "(1) a writ of mandamus issue against defendant Gwiazda as probate judge requiring him to enter an order of distribution . . . ."

lie only to direct performance of a ministerial act which requires no exercise of a public officer's judgment or discretion. Ibid. Nothing in the judicial character of the probate judge places him beyond the reach of a writ of mandamus when it concerns his ministerial duties. *State ex rel. Bonoff* v. *Evarts*, 115 Conn. 98, 160 A. 294; *Williams* v. *Cleaveland*, 76 Conn. 426, 50 A. 850; *Taylor* v. *Gillette*, 52 Conn. 216, 218; *Elderkins' Appeal from Probate*, 49 Conn. 69.

To enter an order of distribution does not require an exercise of judgment or discretion. It thus follows that the probate judge here failed to perform a ministerial duty required by General Statutes § 45-272, i.e., to enter an order of distribution. The proper method of redress was by way of mandamus.

The defendants next claim that the Superior Court lacked jurisdiction to entertain a declaratory judgment action. An action for declaratory judgment is a special proceeding under General Statutes § 52-29 implemented by §§ 308 and 309 of the Practice Book.[4] Section 309 (b) of the Practice Book requires the existence of an actual bona fide and

---

[4] Section 308 of the Practice Book grants to the Superior Court the power to "render declaratory judgments as to the existence or nonexistence (a) of any right . . . or (b) of any fact upon which the existence or nonexistence of such right . . . does or may depend, whether such right . . . now exists or will arise in the future." Section 309 of the Practice Book prohibits declaratory judgments unless the complainant has "(a) . . . an interest, legal or equitable, by reason of danger of loss or of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties; or (c) where the court shall be of the opinion that the parties should be left to seek redress by some other form of procedure; or (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof."

substantial question in dispute which requires settlement between the parties. That provision means that there must appear a sufficient practical need for the determination of the question in dispute and that that need must be viewed in the light of the particular circumstances involved in each case. *Connecticut Savings Bank* v. *First National Bank & Trust Co.,* 133 Conn. 403, 409, 51 A.2d 907.

In the present case the record reveals that the plaintiffs duly appointed attorneys to receive any distributive shares of the estate that may be due to them. The defendants, on the other hand, contend that the distribution cannot be made to the attorneys but must be made to the plaintiffs personally. To resolve fully this matter a judicial determination of that question was necessary. The court properly assumed jurisdiction.

There is no error.

In this opinion the other judges concurred.