ASL Associates *v.* Zoning Commission of the Town
of Marlborough
(7000)

Dupont, C. J., Norcott and Foti, Js.

Argued January 10—decision released June 6, 1989

*Joel M. Fain,* with whom was *Joseph P. Capossela,*
for the plaintiff.

*Eugene Scalise, Jr.,* for the defendant.

DUPONT, C. J., At the joint request of the parties, the trial court granted a motion for reservation[1] upon stipulated facts to have this court resolve questions concerning the construction of Article Seven (A) (7) of the regulations of the defendant Marlborough zoning commission. The article requires that a holder of a special permit obtain a building permit and commence construction within nine months of the issuance of the permit or the special permit becomes void.[2]

The questions reserved to this court are (1) does the pendency of an appeal challenging the validity of a special permit stay the running of the nine month period provided for in Article Seven (A) (7) of the Marlborough zoning regulations, and (2) does the commencement of construction and the filing of a complete and satisfactory application for a building permit within the nine month period provided for in Article Seven (A) (7) satisfy the requirements of that provision? We conclude that the allegations of the plaintiff's complaint and the facts contained in the stipulation of the parties do not indicate that there is an actual controversy between the parties and, therefore, we decline to answer the reserved questions.

---

[1] Practice Book § 4147 provides in pertinent part: "A reservation shall be taken . . . to the appellate court from those cases in which an appeal could have been taken directly . . . to the appellate court . . . had judgment been rendered. . . .

"All questions for advice shall be specific and shall be phrased so as to require a Yes or a No answer.

"The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are . . . reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action."

[2] Article Seven (A) (7) of the Marlborough zoning regulations provides as follows: "Construction or operation shall commence, and a building permit issued where required, within nine (9) months from date of issuance of the Special Permit or the Special Permit becomes void. A notice shall be recorded on the land record that the Special Permit is void."

The stipulated facts are that on November 26, 1985, the plaintiff applied to the defendant zoning commission for a zone change, a special permit and a site plan to allow the construction of sixty-four condominium units in Marlborough. On June 5, 1986, the defendant voted to approve the application. An appeal of the zoning approval was commenced in Superior Court on July 1, 1986, and was dismissed on August 25, 1986. Subsequently, the plaintiffs in that case filed a petition for certification with this court, which was granted in January, 1987. On January 5, 1988, this court affirmed the decision of the Superior Court dismissing the appeal.[3]

The special permit approved by the defendant was issued to the plaintiff on September 2, 1986. On June 1, 1987, one day before the expiration of nine months from the date of the issuance of the special permit, the plaintiff filed an application for a building permit with the town of Marlborough. On June 29, 1987, after review of the application, including consultation with the town's engineer, attorney, and planning coordinator, as well as with the department of environmental protection, the defendant's building inspector issued a building permit to the plaintiff. Thus, although the plaintiff applied for a building permit within the nine month period provided by Article Seven (A) (7), the building permit was not issued until after the nine month period had expired.

The plaintiff subsequently brought this action in January, 1988, seeking declaratory and injunctive relief.[4]

[3] Some of the plaintiffs in that case brought a separate action on June 4, 1987, seeking to enjoin the defendant from issuing a building permit to the present plaintiff. The plaintiff was named a party defendant in that action. When the injunction was denied on July 24, 1987, the building permit had already been issued on June 29, 1987.

[4] The building permit was valid as of January, 1988. See footnote 3, supra. The record does not indicate that any notice was placed on the land rec-

Specifically, the plaintiff's complaint seeks a declaratory judgment declaring that the pendency of an appeal from the granting of a special permit stays the running of the nine month period referred to in Article Seven (A) (7) of the Marlborough zoning regulations. In addition, the plaintiff seeks a judgment declaring that, when all the requirements for the issuance of a building permit have been met within the nine month period set forth in Article Seven (A) (7), but the town has failed to issue the permit within the nine month period, the special permit remains valid. The plaintiff's complaint also requests a temporary and permanent injunction to prevent the defendant from taking any action to declare the special permit void.

Practice Book § 390 governs the issuance of declaratory judgments and provides: "The court will not render declaratory judgments upon the complaint of any person . . . (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties . . . ." The provisions of Practice Book § 390 (b) thus require that an action for declaratory judgment be employed only where there is a justiciable controversy. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 158, 112 A.2d 208 (1955). The § 390 (b) requirement of an actual controversy is one of subject matter jurisdiction. See *Kiszkiel* v. *Gwiazda,* 174 Conn. 176, 180–81, 383 A.2d 1348 (1978); *St. John's Roman Catholic Church Corporation* v. *Darien,* 149 Conn. 712, 716–17, 184 A.2d 42 (1962); *Liebeskind* v. *Waterbury,* supra, 159.

Section 390 (b) requires a sufficient practical need for the determination of the question in dispute. *Kiszkiel* v. *Gwiazda,* supra, 181. "The complaint must state facts

ords invalidating the special permit. See Article Seven (A) (7) of the Marlborough zoning regulations.

sufficient to set forth a cause of action entitling the plaintiff to a declaratory judgment. 1 Anderson, Declaratory Judgments (2d Ed.) § 257. To state a cause of action for such relief, facts showing the existence of a substantial controversy or uncertainty of legal relations that requires settlement between the parties must be alleged. Ordinarily, there should be an assertion in the pleadings by one party of a legal relation or status or right in which he has a definite interest, together with an assertion of the denial of it by the other party, thus setting forth a substantial dispute. Id. § 258." *Lipson* v. *Bennett,* 148 Conn. 385, 389, 171 A.2d 83 (1961); see also *Trubek* v. *Ullman,* 147 Conn. 633, 635, 165 A.2d 158, cert. denied, 367 U.S. 907, 81 S. Ct. 1917, 6 L. Ed. 2d 1249 (1960).

If a reservation is sought, and the underlying cause of action is a declaratory judgment, the question for the reviewing court is whether the resolution of the question or questions asked would or could lead to a final decision, namely a declaratory judgment. *Barr* v. *First Taxing District,* 147 Conn. 221, 223–24, 158 A.2d 740 (1960); *Liebeskind* v. *Waterbury,* supra; *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 272–73, 83 A.2d 482 (1951). In those instances in which the questions reserved cannot be answered because the facts that were the subject of the stipulation are inadequate to furnish a basis for the underlying cause of action, this court should refuse to answer them. See ·*State* v. *Doe,* 149 Conn. 216, 178 A.2d 271 (1962).

In the present case, the plaintiff's complaint fails to allege an actual controversy. The plaintiff obtained a building permit issued pursuant to the special permit and began the site work for the condominium project in the fall of 1986. There is no allegation that the defendant has taken, or even has threatened to take, action to declare the special permit void or to rescind the building permit. The plaintiff's sole allegation relat-

ing to the defendant's actions is as follows: "*If* the Zoning Commission takes action to declare the permit void, the plaintiff will be irreparably injured thereby." (Emphasis added.) The plaintiff's anticipating that the defendant will take action to deprive him of rights connected with the issuance of the special permit is insufficient to allege an actual controversy between the parties as required by Practice Book § 390 (b).

The fact that the issue of subject matter jurisdiction was not raised by either party in the trial court or this court is of no consequence.[5] "The parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement." *Arseniadis* v. *Arseniadis,* 2 Conn. App. 239, 242, 477 A.2d 152 (1984); see also *Gianetti* v. *Norwalk Hospital,* 211 Conn. 51, 557 A.2d 1249 (1989). The facts to which the parties stipulated and the allegations of the complaint are not sufficient for us to conclude that the trial court had jurisdiction to render a declaratory judgment.

Even in the absence of Practice Book § 390 (b) requirements, we would decline to answer the reserved questions, pursuant to our discretionary authority to decline to exercise such jurisdiction. See *State* v. *Sanabria,* 192 Conn. 671, 683, 474 A.2d 760 (1984). This discretionary power is based on the prudent concerns set forth in Practice Book rule § 4147. Id., 684–85.

Practice Book § 4147 provides in relevant part: "The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present

---

[5] Both parties have urged this court to answer the questions reserved, claiming that an actual controversy exists.

determination would be in the interest of simplicity, directness and economy of judicial action." The plaintiff in the present case has requested a judicial interpretation of a regulation, despite the fact that there is no allegation that the defendant has yet applied or threatened to apply the regulation to the plaintiff's detriment. In fact, the defendant issued a building permit to the plaintiff after an action for injunctive relief seeking to prevent the defendant from issuing that permit was brought, but before the trial court in that action denied the injunctive relief. See footnote 3, supra. Thus, the building permit was issued notwithstanding the pendency of an action to prevent the issuance of the permit. The defendant is, in effect, now asking this court to "readjudicate" its prior avowal of the plaintiff's right to the permit, and another court's decision that denied the relief of the prevention of the issue of that permit.

Where the parties in a case were parties to an earlier action in which the same issue was the subject of a final judgment, it is difficult to understand how there could remain a justiciable or real controversy between the parties. Cf. *Redmond* v. *Matthies,* 149 Conn. 423, 180 A.2d 639 (1962). The question presented in the prior action, as well as in this action, was whether the town could issue a building permit to the plaintiff. The plaintiff and the defendant were parties to that action, and cannot impose their wish upon this court to have the same issue determined once again by way of this declaratory judgment action.

In the absence of an actual, ripe controversy between the parties it would not be "in the interest of simplicity, directness and economy of judicial action" to answer the reserved questions concerning Article Seven (A) (7) of the Marlborough zoning regulations. See *State* v. *Zack,* 198 Conn. 168, 502 A.2d 896 (1985). "Whether a case comes to us by way of reservation or

after a final judgment, the rule is the same. We do not give advisory opinions . . . ." *Motor Vehicle Manufacturers Assn. of the United States, Inc. v. O'Neill,* 203 Conn. 63, 75, 523 A.2d 486 (1987).

For the foregoing reasons, we do not answer the reserved questions. No costs will be taxed to any party.

In this opinion the other judges concurred.