[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Stephen C. Bombero owns real property in the Town of Trumbull ("Town") known as 101 Golden Hill (the "Property."). He brings this action asking the court to issue a declaratory judgment that the following amendment to the Town subdivision regulations is in violation of both the Connecticut and United States Constitutions and is in excess of the Planning and Zoning Commission's ("Commission") statutory authority under General Statutes § 8-25: CT Page 6627
 Land with existing slopes of more than 25 per cent, or areas which have been designated as inland wetlands, or areas lying within a 100-year flood plain mapped by the Federal Flood Insurance Administration is environmentally sensitive land, and shall be excluded from the minimum lot size or acreage requirements set forth on the schedule in Article III of the Zoning Regulations, to the extent that such environmentally sensitive land exceeds 50 per cent of such parcel.
(This amendment will herein be called the "Regulation.")
The Commission adopted the Regulation in December, 1988. The plaintiff and nine other individuals filed an appeal from the adoption of the Regulation. The appeal was sustained by the trial court, but reversed by the Connecticut Supreme Court, which held that the plaintiffs must raise their challenge to the Regulation in an action for a declaratory judgment and not in an appeal from the enactment of the Regulation. Bombero v.Planning and Zoning Commission, 218 Conn. 737 (1991). Thereafter, the plaintiff alone brought this declaratory judgment action.
An action for a declaratory judgment is authorized under General Statutes § 52-29, which in subsection (b) specifically authorizes the judges of the superior court to issue such rules as they deem necessary or advisable with respect to such actions. The practice rules for declaratory judgment actions are set forth in Practice Book §§ 388 through 394. Practice Book § 390 provides in pertinent part:
The court will not render declaratory judgments upon the complaint of any person:
(a) unless he has an interest, legal or equitable, by reason of danger of loss or uncertainty as to his rights or other jural relations; or
 (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between CT Page 6628 the parties; . . .
Our Supreme Court has held that these Practice Book provisions "are the equivalent of saying that an action for a declaratory judgment may be employed only in solving a justiciable controversy." Liebeskind v. Waterbury, 142 Conn. 155, 158
(1955). On another occasion our Supreme Court held, "[t]he provision that there must be an issue in dispute or an uncertainty of legal relations which requires settlement between the parties means no more than that there must appear a sufficient practical need for the determination of the matter."Larkin v. Bontatibus, 145 Conn. 570, 575 (1958).
The Commission argues in its post-trial memorandum of law that the plaintiff has failed to show that there is a true case or controversy between the parties with respect to the Regulation. The plaintiff's testimony was that he lives at the Property which consists of more than two acres of land located in a residential zone designated "AA." Given its size, the Property could potentially be subdivided into two lots of one acre each, the minimum lot size in the AA zone. The plaintiff has not applied to subdivide the Property nor did he testify to having any intention to file such an application in the future.
The plaintiff is a registered land surveyor who is self-employed in Trumbull. He testified that he has had "problems" as a surveyor working with the Regulation in that he has difficulty understanding it and finds it confusing. (These allegations exceed the scope of the plaintiff's claims in his complaint.) With respect to his Property, the plaintiff testified that he might have slopes in excess of 25% and he does have some in-land wetlands and 100-year flood plain land on the Property. Despite his expertise as a land surveyor, however, the plaintiff has not determined the extent of the Property which contains wetlands nor the extent of it within the 100-year flood plain. (These determinations are made by reference to certain maps and by soil testing.) He further testified that he was "afraid" to make the measurements because the total might be in excess of 50% of the Property. The plaintiff also testified that because of the vagueness in the Regulation he would not know how to measure slopes in excess of 25%. (The professional engineer who testified for the plaintiff also works on subdivisions in Trumbull and he stated that he measures for the 25% slope based on ten-foot contour intervals.) CT Page 6629
Despite having filed two lawsuits challenging the Regulation, the plaintiff, a registered land surveyor, did not make any showing that the Property will be affected in any way by the Regulation. The absence of such evidence precludes the entry of declaratory relief. "In order to attack the constitutionality of the regulations, the plaintiff must demonstrate that it is adversely affected by them." St. John'sRoman Catholic Church Corp. v. Darien, 149 Conn. 712, 718
(1962). "One who has not been harmed by a statute cannot challenge its constitutionality . . . The question of validity of the statute must be tested by its effect on its attacker under the particular facts of its case." Riley v. Liquor ControlCommission, 153 Conn. 242, 247 (1965).
In a recent case analogous to the one before this court the Appellate Court found that there was no actual controvers between the parties and declaratory relief was therefore inappropriate. ASL Associates v. Zoning Commission,18 Conn. App. 542 (1989). In this action for a declaratory judgment to determine the applicability of a certain zoning regulation, the plaintiff had been issued both a special permit and a building permit. Suit was brought in anticipation that the zoning commission might declare the permits void under the regulation in question, although there was no allegation that the commission had taken or threatened any action to void or rescind the permit. The court found that:
 [t]he plaintiff's anticipating that the defendant will take action to deprive him of rights connected with the issuance of the special permit is insufficient to allege an actual controversy between the parties as required by Practice Book § 390(b).
Id. at 547.
So, too, the plaintiff here, Stephen Bombero, has not alleged nor proven any adverse affect on his Property from the adoption of the Regulation. He has not applied to subdivide the Property nor has he expressed any intention ever to do so. His anticipation that the Regulation might preclude a subdivision of his Property into two one-acre lots is insufficient to establish that there is an actual controversy between the parties as required by Practice Book § 390(a) or (b). There is no sufficient practical need for the determination which plaintiff CT Page 6630 seeks. Accordingly, judgment is entered for the defendant.[1]
CHRISTINE S. VERTEFEUILLE, JUDGE