[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: WRIT OF MANDAMUS #132.5
The plaintiff, James H. Lee, successor administrator of the estate of Lucille R. Palumbo, filed a single-count complaint against the defendants, Frank D. Palumbo, Peter Palumbo, Robert Palumbo, Claudia Rivera, Pamela Birmingham and People's Bank f/k/a People's Savings Bank of Bridgeport. At the time of her death, the plaintiff's decedent was an owner of 4 Beaver Brook Lane, Fairfield, Connecticut, with Frank Palumbo, as tenants in common. The plaintiff's decedent died without a will, and therefore her interest in the subject premises vested in the plaintiff, subject to passing to her children, Frank Palumbo, Peter Palumbo, Robert Palumbo, Claudia Rivera and Pamela Birmingham. In a separate action, Palumbo v. Lee, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 301615 (November 22, 1995, Moran, J.), aff'd, 44 Conn. App. 912, CT Page 4913688 A.2d 374 (1997), the court found that Frank Palumbo was not entitled to recover expenses he alleged were incurred due to upkeep of the property,[1] and that he had no claim to the full interest of the decedents tenancy in common over the other defendants.[2] The plaintiff seeks to either partition the real estate or to sell the subject premises for the benefit of all of the decedents children.
Frank Palumbo (the defendant) now seeks a writ of mandamus ordering the Probate Court of Fairfield to settle the matter of his disallowed claim by appointing a panel of review. The plaintiff has filed an objection to the defendant's request for a writ of mandamus on the procedural ground that the defendant has failed to properly file the request for a writ of mandamus. The plaintiff's objection is also based on the substantive ground that a writ of mandamus is not proper where an official is authorized to exercise a discretionary power, and therefore, this court cannot compel the judge of probate to appoint a panel to review the defendant's disallowed claim.
"[A] party seeking a writ of mandamus must establish: (1) that the plaintiff has a clear legal right to the performance of a duty by the defendant; (2) that the defendant has no discretion with respect to the performance of that duty; and (3) that the plaintiff has no adequate remedy at law . . .
In addition to a bare legal right, he must have a proper interest in, and a proper purpose to be served by, the doing of the act sought to be ordered. . . . If the right sought to be enforced is or has become a mere abstract right, the enforcement of which will be of no substantial or practical benefit to the petitioner, the writ will not issue though otherwise the applicant would be entitled to it." (Citation omitted.) GoldenHill Paugussett Tribe of Indians v. Weicker, 51 Conn. App. 552,555, ___ A.2d ___ (1999). "Nothing in the judicial character of the probate judge places him beyond the reach of a writ of mandamus when it concerns his ministerial duties." Kiszkiel v.Gwiazda, 174 Conn. 176, 180, 383 A.2d 1348 (1978).
"The Superior Court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein and render judgment according to rules made by the judges of the Superior Court, or in default thereof, according to the course of the common law." General Statutes § 52-485 (a). "The writ and complaint in an original action shall be in the CT Page 4914 form used, and served as are, ordinary civil actions, but with a distinct statement in the prayer for relief that an order in the nature of a mandamus is sought." Practice Book § 23-46.
As argued by the plaintiff, the defendant has failed to file a separate complaint seeking an order of mandamus as required by § 23-46. However, § 23-46 is not applicable. The defendant seeks an order of mandamus in relation to a pending case. Therefore, the applicable rule of procedure is found at Practice Book § 23-47, which provides: "An order in the nature of a mandamus may be made in aid of a pending action upon the application of any party, and any person claimed to be charged with the duty of performing the act in question may be summoned before the court by the service upon that person of a rule to show cause." Where an order of mandamus is sought in aid of a pending action, the usual rules of pleading do not apply. See generally, Marciano v. Piel, 22 Conn. App. 627, 628-29,579 A.2d 539 (1990). Instead, pursuant to Practice Book § 23-49,[3]
where an application for an order is made in a pending action, the extent to which and the time in which the respondent may plead shall be as directed by the judicial authority. Accordingly, the pleading filed by the defendant entitled "Writ of Mandamus" is a proper application for an order of mandamus as it was filed in aid of a pending action.
Through the writ of mandamus, the defendant seeks to compel the probate judge to act upon the disallowed claim pursuant to General Statutes § 45a-399 et seq. The plaintiff argues that the probate court has discretion to hear and decide the claim made by the defendant, and therefore the Superior Court cannot order the probate judge to do so. The plaintiff also argues that the defendant cannot show the requisite aggrievement to seek an order of mandamus, because the probate court has yet to rule on the defendant's claim. The defendant responds by arguing that when the probate court improperly denies a motion to appeal from one of its decrees, the allowance of such an appeal may be compelled by mandamus, citing VanBuskirk v. Knierim, 169 Conn. 382,362 A.2d 1334 (1975).[4]
Pursuant to General Statutes § 45a-399,[5] the plaintiff, as the fiduciary of the decedent's estate, may give written notice to the claimant of the disallowance of his claim, and unless the claimant commences a suit against the fiduciary within four months, the claim is barred. In lieu of the procedures set forth in § 45a-399, however, the claimant is CT Page 4915 authorized to appeal the disallowance of his claim to the probate court pursuant to General Statutes § 45a-401. Under §45a-401(a),[6] the claimant can bring an appeal of the fiduciary's decision to disallow the claim to the probate court within thirty days after notice of such disallowance. The probate court has the discretion to grant the application and hear the claim, but it shall notify the applicant and the fiduciary within fifteen days after receipt of the application concerning whether it will grant the application. General Statutes § 45a-401(a).
The plaintiff disallowed the defendant's claim on November 16, 1992. The defendant's complaint in Palumbo v. Lee is dated January 11, 1993, which is within the four months allowed to appeal a disallowance to the Superior Court, pursuant to § 45a-399. By the statutory scheme established for appealing the disallowance of a claim, a claimant may choose to file suit in the Superior Court, or instead seek review from the Probate Court. Here, the defendant chose to have the disallowed claim reviewed by the Superior Court pursuant to § 45a-399. Even assuming the defendant filed a timely application pursuant to § 45a-401 (a), the defendant cannot compel action on the § 45a-401 (a) matter because he chose to pursue an action in the Superior Court pursuant to § 45a-399. Section 45a-401 (a) specifically provides that recourse under § 45a-401 is "in lieu of proceeding under section 45a-399." Thus, the defendant may not pursue the review procedures set forth in § 45a-401
(a) after electing to proceed pursuant to § 45a-399.
"The [movant] in an action for a writ of mandamus bears the burden of proving the deprivation of a clear legal right that warrants the imposition of such an extraordinary remedy." (Internal quotation marks omitted.) Honan v. Greene,37 Conn. App. 137, 143, 655 A.2d 274 (1995). The defendant has failed to carry the burden of demonstrating that he has a right to utilize the statutory remedy provided in § 45a-401. Accordingly, the plaintiff's objection to the defendant's writ of mandamus is sustained.
BALLEN, J.