******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JP MORGAN CHASE BANK, N.A. *v.* ANTHEA
MENDEZ ET AL.
(SC 19481)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued September 15—officially released December 22, 2015*

*Byron Paul Yost*, with whom was *John G. Brosnan*,
for the appellant (named defendant).

*Brian D. Rich*, with whom was *Peter R. Meggers*, for the appellee (plaintiff).

*Opinion*

ESPINOSA, J. The named defendant, Anthea Mendez,[1] appeals from the order of the trial court, claiming that the court erroneously applied General Statutes § 52-212[2] in denying her motion to open and vacate the judgment of foreclosure by sale and that the court should have applied the standard articulated in General Statutes § 49-15.[3] The defendant claims that the trial court improperly applied § 52-212, which governs the opening of judgments rendered upon default or nonsuit, rather than § 49-15, which governs the opening of judgments of strict foreclosure. The defendant contends that § 52-212 does not apply to judgments of foreclosure by sale, because such judgments are not final. Accordingly, the defendant contends that this court should construe § 49-15 to apply not only to judgments of strict foreclosure but also to judgments of foreclosure by sale. We do not reach these issues, however, because we determine that the defendant's claim is moot.

The facts of this dispute are set forth in the orders of the trial court and the underlying record. On or about October 4, 2004, the defendant executed a promissory note in favor of Century 21 Mortgage in the principal amount of $296,000. The note was secured by a mortgage deed on property located at 45 Derek Lane in Windsor (property), which the defendant also executed on October 4, 2004, and delivered to Century 21 Mortgage. The mortgage was subsequently assigned to the plaintiff, JP Morgan Chase Bank, N.A., which was also the holder of the note. In 2012, the plaintiff declared the note to be in default and sought to foreclose on the property. Despite a number of communications from the plaintiff regarding the foreclosure action, the defendant did not respond and, on September 19, 2013, the trial court granted the plaintiff's motion for entry of default against the defendant for failure to appear. The trial court thereafter ordered a judgment of foreclosure by sale on September 30, 2013. Pursuant to the trial court's order, a public sale of the defendant's property was held on January 11, 2014. The plaintiff was the sole bidder present at the sale and placed the winning bid.

Following the plaintiff's winning bid on the property, the defendant, through her attorney, made her first appearance in the case on January 14, 2014, and filed a motion to open and vacate the judgment of foreclosure by sale pursuant to § 49-15. The defendant claimed that she had mistakenly believed that she had the ability to reinstate her mortgage at any point in time. Accordingly, she argued that she had delayed in responding to the foreclosure proceeding because she had intended to use the settlement proceeds that she had been expecting in an unrelated civil action to pay the arrearage owed to reinstate the mortgage. She argued that the court should invoke its powers in equity to open the judgment. As bases justifying the exercise of the court's equitable

powers, the defendant cited to personal hardships, as well as to her prior history of making timely mortgage payments, including prepayments on the principal of the loan. The defendant contended that these facts demonstrated her good faith to make future payments on the debt. The trial court denied the defendant's motion.

In its order denying the defendant's motion, the trial court stressed that § 52-212, rather than § 49-15, properly applies to a motion to open a judgment of foreclosure by sale entered upon default. The court noted that § 49-15 applies to strict foreclosures rather than foreclosures by sale. Accordingly, the trial court determined that although the defendant's motion was timely, there was no justification to open the judgment given that the defendant's delay in responding to the foreclosure proceeding was "due to her own inattention to the matter" rather than due to a mistake, accident, or some other reasonable cause. The trial court also observed that as foreclosure actions are proceedings in equity, there may be cases in which the finality of judgments must yield to principles of equity. The court determined, however, that the defendant's case was not one of them, as equitable principles cannot provide relief against the "operation of judgments rendered through the negligence or inattention of the party claiming to be aggrieved."

The defendant appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. On appeal, the defendant advances two arguments in support of her claim that the trial court incorrectly applied § 52-212 in denying her motion to open. First, the defendant contends that because a foreclosure action is a proceeding in equity, § 52-212—which applies to civil proceedings generally—cannot apply to a foreclosure action and that § 49-15 must govern. Second, the defendant argues that because the sale of the defendant's property had yet to be approved, the judgment was not final and § 52-212 applies only to final judgments. In response, the plaintiff argues that because the judgment was one of foreclosure by sale, the trial court properly applied § 52-212 because § 49-15 applies only to judgments of strict foreclosure. Furthermore, the plaintiff responds that a judgment of foreclosure by sale is a final judgment for the purposes of § 52-212.

Following oral argument before this court, we ordered sua sponte the parties to submit supplemental briefs to address the issue of whether this appeal should be dismissed as moot because, even if the defendant were to prevail on the issue she raised on appeal, she could not be afforded any practical relief due to the fact that the trial court also found no equitable grounds upon which to grant relief. See *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, 308 Conn. 719, 738–39, 66

A.3d 848 (2013). We conclude that the defendant's claim is indeed moot and that the appeal should be dismissed.

We begin with the standard of review. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable." (Internal quotation marks omitted.) *Valvo* v. *Freedom of Information Commission*, 294 Conn. 534, 540, 985 A.2d 1052 (2010). "Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, supra, 308 Conn. 736. "A case is considered moot if [the trial] court cannot grant the appellant any practical relief through its disposition of the merits . . . ." (Internal quotation marks omitted.) Id.; *Moraski* v. *Connecticut Board of Examiners of Embalmers & Funeral Directors*, 291 Conn. 242, 255, 967 A.2d 1199 (2009). Because a question of mootness implicates the subject matter jurisdiction of this court, "it raises a question of law over which we exercise plenary review." (Internal quotation marks omitted.) *Wyatt Energy, Inc.* v. *Motiva Enterprises, LLC*, supra, 736.

In *Wyatt Energy, Inc.*, the plaintiff, Wyatt Energy, Inc. (Wyatt), claimed that the Appellate Court had used an incorrect legal standard when conducting its analysis under Connecticut antitrust law. Id., 730–31. In response, the named defendant, Motiva Enterprises, LLC (Motiva), raised the argument that even if the court agreed with Wyatt's argument, Wyatt had failed to appeal the findings of the trial court that recognized that there were other factors present that would have prevented Motiva from raising its prices in a monopolistic fashion that violated state antitrust law. Id., 731. Thus, the unchallenged ruling presented a basis on which to affirm the Appellate Court independent from Wyatt's claim. Accordingly, we concluded that due to the unchallenged ruling, Wyatt could not be afforded practical relief and we dismissed the appeal as moot. Id., 738, 740. Likewise, in *Gagne* v. *Vaccaro*, 311 Conn. 649, 652, 90 A.3d 196 (2014), we determined that the parties' dispute over whether the Appellate Court properly concluded that a trial court judge should have recused himself was moot. In that case, the defendant had failed to challenge on appeal the trial court's ruling that his motion to disqualify was procedurally deficient. Id., 660. Therefore, in *Gagne*, as in *Wyatt Energy, Inc.*, we were unable to grant the defendant any practical relief due to the binding effect of the trial court's unchal-

lenged ruling, which served as an alternative basis on which to affirm the judgment. Id.

The procedural facts in the present appeal are analogous to those presented in both *Wyatt Energy, Inc.*, and *Gagne*. In her appeal from the trial court's order, the defendant submits that the court erroneously applied § 52-212 rather than § 49-15. Despite the defendant's arguments to the contrary, § 49-15 clearly provides that it applies only to the opening of judgments of strict foreclosure before title vests, rather than judgments of foreclosure by sale. See *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 257, 260, 708 A.2d 1378 (1998); *Society for Savings* v. *Stramaglia*, 225 Conn. 105, 108, 110, 621 A.2d 1317 (1993).

Even if § 49-15 applied to the judgment of foreclosure by sale at issue in the present case, the defendant would still be without a viable avenue for relief. As is evident from the trial court's order, the court concluded that the defendant's particular case did not warrant the invocation of its equitable powers—under either § 52-212 or § 49-15—to provide relief. A court's determination that equitable principles do not justify the opening of a judgment precludes relief under § 49-15 or otherwise. The trial court found that the defendant's "negligence or inattention" in failing to respond and appear in the foreclosure action both failed to provide good cause under § 52-212 and weighed against using its powers of equity to open the judgment. Although the defendant correctly asserts that trial courts presiding over foreclosure actions may rely on their equitable powers, the defendant did not challenge on appeal the trial court's decision to not invoke its power under the specific facts of the defendant's case.[4] Accordingly, the defendant is still bound by the trial court's order determining that this case is not one that merits the use of equitable powers to open a judgment. Even if she were to prevail on her claim regarding the application of § 49-15, rather than § 52-212, to her case, the trial court found that there was no good cause to warrant the opening of the judgment against her. Consequently, the defendant can be afforded no practical relief if we were to remand the matter to the trial court. As a result, we conclude that the defendant's appeal is moot.

The appeal is dismissed.

In this opinion the other justices concurred.

[1] JP Morgan Chase Bank, N.A., was also named as a defendant in the present action as having a claim to an interest in the property. References herein to the defendant are to Mendez only.

[2] General Statutes § 52-212 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, acci-

dent or other reasonable cause from prosecuting the action or making the defense. . . .”

[3] General Statutes § 49-15 provides in relevant part: “(a) (1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection. . . .”

[4] Mootness aside, we observe that the defendant's failure to adequately raise this issue on appeal would also render it unreviewable before this court. We generally do not consider claims raised for the first time on appeal. See Practice Book § 60-5; *Alexandre* v. *Commissioner of Revenue Services*, 300 Conn. 566, 585–86, 22 A.3d 518 (2011).