ROBINSON, J.
**516 In this appeal, we consider whether the Superior Court has subject matter jurisdiction *1156 over a declaratory judgment action brought as a collateral attack on a judgment of the Appellate Court concerning the plaintiff, George E. Mendillo. The plaintiff appeals[1] **517 from the judgment of the trial court dismissing his declaratory judgment action against the defendants, the law firm of Tinley, Renehan & Dost, LLP (law firm), and the Connecticut Appellate Court.[2] On appeal, the plaintiff, who is an attorney, claims that the trial court improperly concluded that his challenge to the Appellate Court's interpretation of rule 4.2 of the Rules of Professional Conduct[3] in Sowell v. DiCara , 161 Conn. App. 102, 127 A.3d 356, cert. denied, 320 Conn. 909, 128 A.3d 953 (2015), was barred by the doctrine of sovereign immunity. We, however, do not reach the sovereign immunity issues raised by the plaintiff because we agree with the defendants' alternative jurisdictional argument, **518 and conclude that the plaintiff's collateral attack on Sowell in this declaratory judgment action is nonjusticiable under Valvo v. Freedom of Information Commission , 294 Conn. 534, 985 A.2d 1052 (2010). Accordingly, we affirm the judgment of the trial court.
The record reveals the following undisputed relevant facts and procedural history. The plaintiff represents Julie M. Sowell, the plaintiff in a wrongful discharge action pending in the Superior Court against her former employer, Southbury-Middlebury Youth and Family Services, Inc. (Youth Services), a Connecticut nonstock, nonprofit corporation that had been dissolved, Deirdre H. DiCara, its executive director, and Mary Jane McClay, the chairperson of its board of directors. See Sowell v. DiCara , Superior Court, judicial district of Waterbury, Docket No. CV-12-6016087-S (Sowell action). On September 6, 2012, the law firm filed an appearance in *1157 the Sowell action on behalf of Youth Services, McClay, and DiCara. At a hearing held on December 12, 2013, the trial court, Hon. Barbara J. Sheedy , judge trial referee, granted Youth Services' motion for an emergency protective order (protective order) on the basis of the court's finding that the plaintiff had violated rule 4.2 of the Rules of Professional Conduct by communicating directly with certain "putative" members of Youth Services' board of directors regarding the merits of a counterclaim that counsel for Youth Services had filed against Sowell at McClay's direction.[4] Although Judge Sheedy did not order any sanctions against the plaintiff, the protective order enjoined him from further contact of any kind with members of Youth Services' board of directors without prior permission from the law firm. See Sowell v. DiCara , supra, 161 Conn. App. at 107, 118, 127 A.3d 356. **519 The plaintiff filed a writ of error in this court challenging the basis for the protective order (first writ), which was subsequently transferred to the Appellate Court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. Id., at 119, 127 A.3d 356. In the first writ, the plaintiff claimed that Judge Sheedy had (1) improperly found clear and convincing evidence that he had violated rule 4.2 of the Rules of Professional Conduct, and (2) violated his state and federal constitutional rights to due process and abused its discretion by refusing to permit him to present evidence at the hearing on the motion for a protective order. Id. The Appellate Court issued a comprehensive opinion rejecting the plaintiff's challenges to the basis for the protective order, namely, the finding that he had violated rule 4.2, and rendered judgment dismissing the first writ.[5] Id., at 133, 127 A.3d 356. This court subsequently denied the plaintiff's petition for certification to appeal in an order dated December 16, 2015; see **520 Sowell v. DiCara , 320 Conn. 909, 128 A.3d 953 (2015) ; and later denied the plaintiff's motion for reconsideration of that denial.
Subsequently, on February 4, 2016, the plaintiff filed a writ of error in this court challenging the Appellate Court's actions (second writ). This court dismissed the second writ on May 25, 2016, and denied *1158 the plaintiff's motion for reconsideration en banc of that dismissal on June 27, 2016.
On October 3, 2016, the plaintiff filed the present action in the Superior Court seeking a declaratory judgment pursuant to General Statutes § 52-29 and 42 U.S.C. § 1983 (2012). In the first count of the declaratory judgment complaint, the plaintiff claimed that there is substantial uncertainty with respect to the scope, meaning, and applicability of rule 4.2 of the Rules of Professional Conduct affecting his legal rights and relations with other parties. In the second count, the plaintiff claimed that the Appellate Court exceeded its constitutional authority and violated his constitutional rights by finding facts from evidence beyond the trial court record, namely, the existence of an attorney-client relationship between the law firm and Youth Services, which he was not given the opportunity to rebut or explain. In the third count, the plaintiff sought a declaration pursuant to 42 U.S.C. § 1983 that rule 4.2 is unconstitutional under the due process and equal protection clauses as applied to the facts of this case. In the fourth count, the plaintiff claimed that the Appellate Court had violated his free speech rights under the state and federal constitutions because his speech was a reasonable remedial measure under rule 3.3 (b) of the Rules of Professional Conduct to address fraud and a matter of public importance. In the fifth count, the plaintiff claimed that the Appellate Court's construction of rule 4.2 was a due process violation because it amounted to an ex post facto law. In the sixth count, the plaintiff claimed a violation of his right to equal protection of the laws.
**521 The defendants moved to dismiss the declaratory judgment complaint, claiming that the plaintiff's claims are nonjusticiable and barred by the doctrine of sovereign immunity. The trial court, Schuman, J. ,[6] granted the motion to dismiss, concluding that General Statutes § 51-197f[7] precluded further review of the Appellate Court's decision in Sowell v. DiCara , supra, 161 Conn. App. at 102, 127 A.3d 356, except by this court following a petition for certification. The trial court further concluded that the claims against the Appellate Court were barred by sovereign immunity. Concluding that it lacked subject matter jurisdiction, the trial court granted the defendants' motion to dismiss and rendered judgment accordingly. This appeal followed.
On appeal, the plaintiff claims that the trial court improperly concluded that the existence of binding precedent, namely, the decision of the Appellate Court in Sowell v. DiCara , supra, 161 Conn. App. at 102, 127 A.3d 356, operated to deprive the trial court of jurisdiction because the constitutional issues did not arise until after the Appellate Court rendered that decision. The plaintiff also argues that he has standing to seek a declaratory judgment under § 52-29 because the Appellate Court's decision in Sowell "has caused a continuing injury to his reputation and professional standing and the unconstitutional application of rule 4.2 [of the Rules of Professional Conduct] by the Appellate Court poses an immediate threat of further injury in the future." The plaintiff then contends in detail that the trial court improperly determined that sovereign immunity and **522 judicial immunity barred his *1159 claim for declaratory relief under § 52-29 and 42 U.S.C. § 1983.[8]
In response, the defendants contend, inter alia, that the trial court properly dismissed the plaintiff's claims because they are not justiciable, relying specifically on Valvo v. Freedom of Information Commission , supra, 294 Conn. at 534, 985 A.2d 1052, to argue that no practical relief is available because a trial court lacks the authority to reverse the rulings of another court in a separate case, and particularly those of the Appellate Court, which are binding precedent. The defendants contend that the sole avenue of relief available to the plaintiff was his petition for certification to appeal from the judgment of the Appellate Court to this court pursuant to § 51-197f. The defendants emphasize that the plaintiff's complaint did not allege any facts to establish the existence of a "dispute separate and distinct from his desire to overturn Sowell ," such as a new threat of discipline under rule 4.2 of the Rules of Professional Conduct or a new situation in which he might commit a similar violation of rule 4.2. We agree with the defendants and conclude that the trial court lacked subject matter jurisdiction over this declaratory judgment action because the plaintiff's claims are not justiciable.
"A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.... In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court must consider the allegations of the complaint in their most favorable light ... including those facts necessarily implied from the allegations ...." (Citations omitted; internal quotation marks **523 omitted.) Giannoni v. Commissioner of Transportation , 322 Conn. 344, 349, 141 A.3d 784 (2016) ; see id., at 349-50, 141 A.3d 784 (discussing "different situations" with respect to motion to dismiss "depending on the status of the record in the case," which might require consideration of "supplementary undisputed facts" or evidentiary hearing to resolve "critical factual dispute" [internal quotation marks omitted] ).
We engage in plenary review of a trial court's grant of a motion to dismiss for lack of subject matter jurisdiction. See, e.g., Chief Information Officer v. Computers Plus Center, Inc. , 310 Conn. 60, 79, 74 A.3d 1242 (2013) ; Valvo v. Freedom of Information Commission , supra, 294 Conn. at 541, 985 A.2d 1052. "In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Giannoni v. Commissioner of Transportation , supra, 322 Conn. at 350, 141 A.3d 784.
"Justiciability comprises several related doctrines, namely, standing, ripeness, mootness and the political question doctrine, that implicate a court's subject matter jurisdiction and its competency to adjudicate a particular matter." (Internal quotation marks omitted.) Keller v. Beckenstein , 305 Conn. 523, 537-38, 46 A.3d 102 (2012). "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable.... Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute ... (2) that the interests of the parties be adverse *1160 ... (3) that the matter in controversy be capable of being adjudicated by judicial power ... and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) **524 Glastonbury v. Metropolitan District Commission , 328 Conn. 326, 333, 179 A.3d 201 (2018).
The declaratory judgment procedure, governed by § 52-29 and Practice Book § 17-54 et seq., does not relieve the plaintiff from justiciability requirements. A "declaratory judgment action pursuant to § 52-29... provides a valuable tool by which litigants may resolve uncertainty of legal obligations.... The [declaratory judgment] procedure has the distinct advantage of affording to the court in granting any relief consequential to its determination of rights the opportunity of tailoring that relief to the particular circumstances.... A declaratory judgment action is not, however, a procedural panacea for use on all occasions, but, rather, is limited to solving justiciable controversies.... Invoking § 52-29 does not create jurisdiction where it would not otherwise exist." (Citations omitted; internal quotation marks omitted.) Milford Power Co., LLC v. Alstom Power, Inc. , 263 Conn. 616, 625, 822 A.2d 196 (2003).
"As we noted in Pamela B. v. Ment , 244 Conn. 296, 323-24, 709 A.2d 1089 (1998), [w]hile the declaratory judgment procedure may not be utilized merely to secure advice on the law ... or to establish abstract principles of law ... or to secure the construction of a statute if the effect of that construction will not affect a plaintiff's personal rights ... it may be employed in a justiciable controversy where the interests are adverse, where there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement, and where all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof.... Finally, the determination of the controversy must be capable of resulting in practical relief to the complainant....
**525 "In deciding whether the plaintiff's complaint presents a justiciable claim, we make no determination regarding its merits. Rather, we consider only whether the matter in controversy [is] capable of being adjudicated by judicial power according to the aforestated well established principles." (Citations omitted; internal quotation marks omitted.) Milford Power Co., LLC v. Alstom Power, Inc. , supra, 263 Conn. at 625-26, 822 A.2d 196 ; see also Wilson v. Kelley , 224 Conn. 110, 116, 617 A.2d 433 (1992) ("Implicit in these principles is the notion that a declaratory judgment must rest on some cause of action that would be cognizable in a nondeclaratory suit.... To hold otherwise would convert our declaratory judgment statute and rules into a convenient route for procuring an advisory opinion on moot or abstract questions ... and would mean that the declaratory judgment statute and rules created substantive rights that did not otherwise exist." [Citations omitted.] ).
In determining whether the present case is justiciable, we find instructive Valvo v. Freedom of Information Commission , supra, 294 Conn. at 543, 985 A.2d 1052, in which this court concluded that the plaintiff's claim, brought through an administrative appeal, was nonjusticiable when he sought to have the trial court "overturn sealing orders issued by another trial court in a separate case." See also id. ("[w]e are aware of no authority for the proposition that a trial court presiding over an administrative appeal may overturn a ruling by another trial court in an entirely unrelated case involving different parties-a proposition that the *1161 plaintiffs themselves have characterized as novel" [emphasis omitted] ). Rejecting the proposed collateral attack as "completely unworkable," we observed that "[o]ur jurisprudence concerning the trial court's authority to overturn or to modify a ruling in a particular case assumes, as a proposition so basic that it requires no citation of authority, that any such action will be taken only by **526 the trial court with continuing jurisdiction over the case, and that the only court with continuing jurisdiction is the court that originally rendered the ruling." Id., at 543-44, 985 A.2d 1052. We emphasized that "[t]his assumption is well justified in light of the public policies favoring consistency and stability of judgments and the orderly administration of justice.... It would wreak havoc on the judicial system to allow a trial court in an administrative appeal to second-guess the judgment of another trial court in a separate proceeding involving different parties, and possibly to render an inconsistent ruling." (Citations omitted.) Id., at 545, 985 A.2d 1052 ; see also id., at 548, 985 A.2d 1052 ("We reject the plaintiffs' claims that they may mount a collateral attack on the sealing orders in this administrative appeal. We conclude, therefore, that the plaintiffs' claim that the remaining five sealed docket sheets are administrative records subject to the act is nonjusticiable because no practical relief is available ....").
Similarly, in ASL Associates v. Zoning Commission , 18 Conn. App. 542, 559 A.2d 236 (1989), the Appellate Court concluded that it lacked subject matter jurisdiction over a reservation arising from a declaratory judgment action brought to settle the interpretation of a zoning regulation because "the plaintiff's complaint fails to allege an actual controversy. The plaintiff obtained a building permit issued pursuant to the special permit and began the site work for the condominium project in the fall of 1986. There is no allegation that the defendant has taken, or even has threatened to take, action to declare the special permit void or to rescind the building permit." Id., at 546, 559 A.2d 236. Significantly, the Appellate Court further emphasized that, "[w ]here the parties in a case were parties to an earlier action in which the same issue was the subject of a final judgment, it is difficult to understand how there could remain a justiciable or real controversy between the parties .... The question presented in the prior **527 action, as well as in this action, was whether the town could issue a building permit to the plaintiff. The plaintiff and the defendant were parties to that action, and cannot impose their wish upon this court to have the same issue determined once again by way of this declaratory judgment action." (Citation omitted; emphasis added.) Id., at 548, 559 A.2d 236.
On the basis of these authorities, we agree with the defendants that the present case is nonjusticiable because no practical relief is available to the plaintiff insofar as the allegations in the declaratory judgment complaint demonstrate that it is nothing more than a collateral attack on the protective order imposed by the trial court, Sheedy, J. , in the Sowell action, and upheld by the Appellate Court in Sowell v. DiCara , supra, 161 Conn. App. at 102, 127 A.3d 356. Although the plaintiff alleges in his declaratory judgment complaint that a court decision would provide guidance to members of the bar with respect to their "future conduct," that allegation is nothing more than a request for an advisory opinion, insofar as none of the allegations therein identifies a dispute beyond that considered by the Appellate Court in Sowell . Put differently, the remainder of the allegations in the complaint unmistakably indicate that this case is a collateral challenge to the prior Appellate Court decision *1162 in Sowell concerning the plaintiff's previous violation of rule 4.2 of the Rules of Professional Conduct, rather than an action seeking guidance as to the application or vitality of principles from that decision with respect to a different set of facts. Thus, to entertain this declaratory judgment action would violate § 51-197f, which renders the Appellate Court's decision final insofar as the plaintiff has had his opportunity to seek review by a petition for certification to appeal. Cf. Presnick v. Santoro , 832 F.Supp. 521, 529-30 (D. Conn. 1993) (dismissing claim seeking to enjoin Superior Court chief clerk from enforcing judgment or to **528 force Appellate Court to hear dismissed appeal because, in addition to Rooker - Feldman[9] abstention, "[n]othing has been alleged here that would prevent the plaintiff from appealing the order dismissing his appeal by certification to the Connecticut Supreme Court pursuant to ... § 51-197f, or, thereafter, to the United States Supreme Court itself"). Given the finality of the Appellate Court's judgment in Sowell , the trial court simply had no authority to afford the plaintiff relief by disturbing it in this collateral proceeding, rendering the present case nonjusticiable.
The plaintiff contends, however, that, "taken to its logical [end], this [conclusion] leads to the proposition that a court is deprived of subject matter jurisdiction whenever the outcome on the merits of any plaintiff's claim is determined unfavorably by a prior binding precedent or series of such precedents." We disagree. We emphasize that, consistent with the purpose of the declaratory judgment procedure, nothing would preclude a different attorney-or even this plaintiff himself-from asking a court to overrule the precedent set by Sowell v. DiCara , supra, 161 Conn. App. at 102, 127 A.3d 356, in connection with a different dispute concerning the application of rule 4.2 of the Rules of Professional Conduct.[10] In the absence of such allegations establishing **529 the bona fide existence of a dispute, the plaintiff's declaratory judgment action is purely a hypothetical request for an advisory opinion that second-guesses an existing final judgment, over which jurisdiction will not *1163 lie under § 52-29. See Costantino v. Skolnick , 294 Conn. 719, 737-38, 988 A.2d 257 (2010) (no jurisdiction over declaratory judgment action concerning insurance coverage for prejudgment interest when "predicates for an award of offer of judgment interest under [General Statutes] § 52-192a had not been met"); Liberty Mutual Ins. Co. v. Lone Star Industries, Inc. , 290 Conn. 767, 814-15, 967 A.2d 1 (2009) (for purposes of jurisdiction over declaratory judgment action concerning excess insurance policy, court remanded case for factual determination as to whether it is "reasonably likely that the insured's potential liability will reach into the excess coverage"); Milford Power Co., LLC v. Alstom Power, Inc. , supra, 263 Conn. at 626-27, 822 A.2d 196 (no jurisdiction over declaratory judgment action concerning meaning of contract's force majeure clause when defendant had not yet asserted claim of entitlement under contract). Accordingly, we conclude that the present case is not justiciable, and the trial court, therefore, properly granted the defendants' motion to dismiss.
The judgment is affirmed.
In this opinion the other justices concurred.

The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

The plaintiff also named as defendants three judges of the Appellate Court acting in their official capacities, specifically, Douglas S. Lavine, Eliot D. Prescott, and Nina F. Elgo. We also note that the law firm has adopted the brief of the Appellate Court in the present appeal. Accordingly, we refer to the defendants collectively where appropriate and individually by name.

Rule 4.2 of the Rules of Professional Conduct provides in relevant part: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so...."
The Commentary to rule 4.2 provides in relevant part: "This Rule does not prohibit communication with a party, or an employee or agent of a party, concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter. Also, parties to a matter may communicate directly with each other and a lawyer having independent justification for communicating with the other party is permitted to do so. Communications authorized by law include, for example, the right of a party to a controversy with a government agency to speak with government officials about the matter.
"In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule...."

A detailed rendition of the facts and procedural history underlying Judge Sheedy's finding is set forth in Sowell v. DiCara , supra, 161 Conn. App. at 105-18, 127 A.3d 356.

With respect to the specific claims presented in the first writ, the Appellate Court relied on the letters attached to Youth Services' motion for a protective order and the plaintiff's "admission before the court that he sent the claim letter to the board of directors, and [Judge Sheedy's] articulation," and "conclude[d] that there was clear and convincing evidence before the court that [the plaintiff] violated rule 4.2 [of the Rules of Professional Conduct] by communicating with [the law firm's] clients without [its] permission." Sowell v. DiCara , supra, 161 Conn. App. at 126, 127 A.3d 356 ; see id., at 126-29, 127 A.3d 356 (noting that claim presented "legal question" concerning whether "the members of [Youth Services'] board of directors were [the law firm's] clients," as contemplated by rule 1.13 [a] of the Rules of Professional Conduct, given fact that "agency had been dissolved and was in the process of winding up" pursuant to General Statutes § 33-884 [a] ). The Appellate Court next concluded that due process did not require an evidentiary hearing at which McClay would testify or her deposition testimony would be admitted into evidence, insofar as "an evidentiary hearing would serve no purpose because the issue before [the Appellate Court] was not a question of fact, but an issue of law. In essence, therefore, [the plaintiff] had a hearing at which he was able to create a record and tell his side of the story."Id., at 131, 127 A.3d 356. Finally, citing judicial economy and the lack of disputed facts, the Appellate Court rejected the plaintiff's claim "that the court abused its discretion as to the admission of evidence by failing to let him present testimony and place a document into evidence." Id., at 131-33, 127 A.3d 356.

Unless otherwise noted, all references to the trial court hereinafter are to Judge Schuman.

General Statutes § 51-197f provides in relevant part: "Upon final determination of any appeal by the Appellate Court, there shall be no right to further review except the Supreme Court shall have the power to certify cases for its review upon petition by an aggrieved party or by the appellate panel which heard the matter...."

Given our conclusion with respect to justiciability, we need not address in detail the plaintiff's comprehensive arguments with respect to sovereign and judicial immunity, and the defendants' equally comprehensive responses thereto.

See District of Columbia Court of Appeals v. Feldman , 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ; Rooker v. Fidelity Trust Co. , 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

We acknowledge, as a practical matter, that a trial court considering such a claim in the first instance would be bound by Sowell v. DiCara , supra, 161 Conn. App. at 102, 127 A.3d 356, because, "[a]lthough the doctrine of stare decisis permits a court to overturn its own prior cases in limited circumstances, the concept of binding precedent prohibits a trial court from overturning a prior decision of an appellate court. This prohibition is necessary to accomplish the purpose of a hierarchical judicial system. A trial court is required to follow the prior decisions of an appellate court to the extent that they are applicable to facts and issues in the case before it, and the trial court may not overturn or disregard binding precedent." (Emphasis in original.) Potvin v. Lincoln Service & Equipment Co. , 298 Conn. 620, 650, 6 A.3d 60 (2010). Moreover, given the Appellate Court's well established policy with respect to panel decisions, the party challenging the vitality of Sowell would need to secure transfer to this court or review by the Appellate Court en banc to obtain relief. See, e.g., Hylton v. Gunter , 313 Conn. 472, 488 n.16, 97 A.3d 970 (2014) ; State v. Tucker , 179 Conn. App. 270, 278 n.4, 178 A.3d 1103, cert. denied, 328 Conn. 917, 180 A.3d 963 (2018). Finally, although the parties to such a declaratory judgment action might use a reservation to advance the legal issue concerning the vitality of Sowell into the Appellate Court or this court more expeditiously; see Practice Book § 73-1 (a) ; the use of that reservation procedure would not relieve the Appellate Court of its obligation to ensure that jurisdiction lies over the underlying declaratory judgment action. See ASL Associates v. Zoning Commission , supra, 18 Conn. App. at 546-49, 559 A.2d 236.